**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELMER IRON,

    Petitioner,

                            CASE NO. 2:08-CV-12451
v.                            HONORABLE VICTORIA A. ROBERTS
                            UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

    Respondent.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Elmer Iron, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first-degree felony murder, M.C.L.A. 750.316. Respondent filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner filed a response to the motion to dismiss. For the reasons stated below, the Petition for Writ of Habeas Corpus is **DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

### **I. Background**

Petitioner was convicted by a jury in the Calhoun County Circuit Court of first-degree felony murder. On August 8, 1968, Petitioner was sentenced to life imprisonment.

On August 26, 1970, the Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Iron,* 26 Mich. App. 235; 182 N.W. 2d 342 (1970). On December

1

2, 1970, the Michigan Supreme Court denied Petitioner leave to appeal. *People v. Iron,* 384 Mich. 786 (1970).

Although not mentioned by either party, Petitioner apparently filed a delayed application for leave to appeal to the Michigan Court of Appeals, which was denied on May 16, 1975. (Tr. 10/11/1979, p. 14). Petitioner then filed a motion for a new trial in the Calhoun County Circuit, which was denied on December 1, 1978. (*Id.*). Petitioner then filed a delayed motion for a new trial with counsel, Gail Rodwan and Sheila Robertson of the State Appellate Defender Office, which was denied on October 11, 1979. (*Id.* At pp. 17-19). Petitioner indicates that he appealed the denial of this motion to the Michigan appellate courts, but was unable to find the citation or the date of the decision. However, it appears that the Michigan Supreme Court denied Petitioner's appeal on January 12, 1982, after the Michigan Court of Appeals denied Petitioner leave to appeal. *People v. Iron,* 412 Mich. 904 (1982). It also appears that Petitioner was represented by Ms. Rodwan from the State Appellate Defender Office on this appeal.

On November 15, 2005, Petitioner filed a post-conviction motion for relief from judgment with the Calhoun County Circuit Court pursuant to M.C.R. 6.500, *et. seq.* [1] After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction application, collateral review of Petitioner's conviction ended in the state courts on July 30, 2007, when the Michigan Supreme Court denied Petitioner leave to

---

[1] *See* Calhoun County Circuit Court Docket Sheet [This Court's Docket Entry # 8-1].

appeal the denial of his post-conviction motion. *People v. Iron,* 479 Mich. 863 (2007). This petition was filed June 9, 2008.

## II.  Discussion

The Petition for Writ of Habeas Corpus must be dismissed because it was not filed within the one year statute of limitations.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed into law on April 24, 1996, amended the habeas corpus statute in several respects, one of which was to mandate a statute of limitations for habeas actions.  28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

A petition for writ of habeas corpus must be dismissed if it has not been filed within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

Petitioner's direct appeals with the Michigan courts were completed on December

3

2, 1970, when the Michigan Supreme Court denied his application for leave to appeal the affirmance of his conviction by the Michigan Court of Appeals. Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment became final on March 2, 1971, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Grayson*, 185 F. Supp. 2d at 750.

The Court notes that subsequent to his direct appeal, Petitioner filed several delayed motions for a new trial. The last of these motions was denied on October 11, 1979 and appellate review of this motion concluded on January 12, 1982. This Court must resolve whether these motions would be considered part of the direct review process or the collateral review process, for determining when the one year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit, in determining the applicability of the U.S. Supreme Court's holding in *Sandstrom v. Montana,* [2] noted that "Michigan courts have generally adopted the view that long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones,* 226 F. 3d 656, 659 (6th Cir. 2000)(*citing to People v. Ward,* 459 Mich. 602; 594 N.W. 2d 47, 52 (1999)). Petitioner's motions for a new trial should be considered a collateral attack on his conviction, because they were all filed between seven and eleven years years after his

---

[2] 442 U.S. 510 (1979).

sentencing. *Ward,* 459 Mich. at 611-13 (defendant's motion to vacate his guilty plea, which was filed more than fourteen months after conviction, should have been considered a collateral attack on his conviction); *See also O'Quinn v. Lafler,* No. 2008 WL 3050401, * 2 (E.D. Mich. July 28, 2008)(petitioner's motion for a new trial considered a collateral attack on his conviction, because it was filed over three years after his sentencing).

However, because these motions for state post-conviction relief were denied prior to the AEDPA's enactment date of April 24, 1996, Petitioner was still given one year from that date, and he had no later than April 24, 1997, to file his habeas petition, unless the statute of limitations was otherwise tolled. *See Miller v. Marr*, 141 F. 3d 976, 977 (10th Cir. 1998); *Davis v. Stegall,* 2003 WL 1867920, * 2 (E.D. Mich. March 17, 2003).

Petitioner filed his post-conviction motion for relief from judgment on November 15, 2005, well after the one year limitations period had already expired.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2); there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *Grayson,* 185 F. Supp. 2d at 750.  If the one year limitations period has expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *Grayson*, 185 F. Supp. 2d at 750. Therefore, Petitioner's post-conviction motion did not toll the running of the statute of limitations.  Moreover, Petitioner did not have one year following the denial of his post-conviction motion to file his petition with this Court, as he appears to suggest, because

5

the one year limitations period under the AEDPA begins to run at the conclusion of the direct review of a habeas petitioner's conviction, and not the date which a habeas petitioner exhausted all of his or her state post-conviction remedies. *See Payton v. Brigano,* 256 F. 3d 405, 408 (6th Cir. 2001).

The AEDPA's limitations period is subject to equitable tolling. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).  The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010.  The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

In his answer to the motion to dismiss, Petitioner indicates that he is not an attorney and appeared to believe that he had one year following the completion of his post-conviction motion to file his habeas petition with this Court.  An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  Petitioner's claim that he was ignorant of the law would also not entitle him to equitable tolling.  Ignorance of the law does not justify equitable tolling, even for an incarcerated *pro se* habeas petitioner. *See Spencer v. White,* 265 F. Supp. 2d 813, 818 (E.D. Mich. 2003).  Likewise, a claim that a habeas petitioner did not have professional

legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002)(internal citations omitted).

To the extent that Petitioner appears to have believed that he had one year from the conclusion of his post-conviction proceedings in the state courts to timely file his petition with the federal court, he would not be entitled to equitable tolling on this basis. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004). "[A] habeas petitioner's ignorance as to the proper calculation of the limitations period for filing a federal habeas petition does not warrant equitable tolling." *Id. (Citing Pearson v. North Carolina,* 130 F. Supp. 2d 742, 744 (W.D.N.C. 2001)). Any miscalculation by Petitioner "[o]f the plain language contained in § 2244(d)(2) would not constitute an extraordinary circumstance sufficient to warrant equitable tolling of the statute of limitations." *Id.* at 861.

Petitioner also mentions in passing that at some unspecified point in time, he lost his trial transcripts when he was transferred from one prison to another. A habeas petitioner's lack of access to his trial transcripts does not preclude a habeas petitioner from beginning post-conviction proceedings and would not equitably toll the limitations period for filing a petition for writ of habeas corpus. *Gassler v. Bruton,* 255 F. 3d 492, 495 (8th Cir. 2001); *Grayson,* 185 F. Supp. 2d at 751-52. "Possession of a transcript is not a 'condition precedent' to the filing of a state post-conviction motion." *Grayson,* 185 F. Supp. 2d at 752 (citing to *Gassler,* 255 F. 3d at 495). Petitioner could have timely filed a post-conviction motion for relief from judgment with the state trial court, after which

the trial court could have ordered production of the transcripts. *Id.* Petitioner failed to show that the one year limitations period should be equitably tolled.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590(*quoting Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner's case falls outside the actual innocence tolling exception enunciated in *Souter*. He presents no new, reliable evidence to establish that he was actually innocent of the crimes charged. See *Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir. 2005). In his first claim, Petitioner contends that he is actually innocent of the first-degree felony murder

8

charge, because the prosecutor was not required at the time of the trial to prove that Petitioner acted with malice aforethought during the killing. Petitioner's claim that the prosecutor failed to introduce such evidence is a challenge to the legal sufficiency of the evidence to convict him on this charge. Any insufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003); *See also Grayson,* 185 F. Supp. 2d at 752.

In addition, Petitioner's argument that the evidence against him was entirely circumstantial does not establish that Petitioner was actually innocent so as to toll the statute of limitations. *See Jones v. Kaiser*, 8 Fed. Appx. 887, 888-89 (10th Cir. 2001); *See also Humphrey v. Wolfenbarger,* No. 2007 WL 201021, * 3 (E.D. Mich. January 23, 2007).

### III. Conclusion

The Court summarily dismisses the petition, because it was filed outside of the one year limitations period contained in § 2244(d)(1). The Court also denies Petitioner a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate

of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U. S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court denies Petitioner a Certificate of Appealability. Reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753. The Court also denies Petitioner leave to appeal in forma pauperis; the appeal would be frivolous. *Id.*

## IV.    ORDER

**IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is DISMISSED

WITH PREJUDICE; a Certificate of Appealability is DENIED; and, Petitioner is **DENIED**

leave to appeal *in forma pauperis.*

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 18, 2009

The undersigned certifies that a copy of this document was served on the attorneys and Elmer Iron of record by electronic means or U.S. Mail on February 18, 2009.

s/Linda Vertriest
Deputy Clerk

11